**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL CASE NO. 3:00cr68**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **RONNIE LOGAN.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's letters[1], which

were filed on November 22, 2006 and February 9, 2007 and which the Clerk

of Court have docketed as motions [Docs. 43, 44], and the Defendant's

Motion for Reduction of Sentence for Good Cause, filed on June 5, 2007

[Doc. 45].

On April 3, 2000, the Defendant was charged in a three-count Bill of

Indictment.  Count One charged the Defendant with possession of cocaine

with intent to distribute, in violation of 18 U.S.C. § 841(a)(1).  Counts Two and

Three charged the Defendant with two counts of possession of a firearm

during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §

---

[1]The Defendant's letters were addressed to the Honorable Richard L. Voorhees, United States District Judge.  Subsequent to the filing of these letters, this matter was reassigned to the undersigned.

924(c)(1).  [Doc. 8].[2]  On June 23, 2000, the Defendant entered into a Plea

Agreement with the Government, by which he agreed to plead guilty to Count

One of the Indictment.   [Doc. 17].   The Plea Agreement signed by the

Defendant provides, in pertinent part, as follows:

> 16.    The defendant is aware that 18 U.S.C. § 3742
> and 28 U.S.C. § 2255 afford every defendant certain
> rights to contest a conviction and/or sentence.
> Acknowledging those rights, **the defendant**, in
> exchange for the concessions made by the United
> States in this plea agreement, **waives the right to
> contest either the conviction or the sentence in
> any direct appeal or other post-conviction action,
> including any proceeding under 28 U.S.C. § 2255.**
> This waiver does not apply to claims of ineffective
> assistance of counsel or prosecutorial misconduct.
> Furthermore, the defendant expressly and explicitly
> agrees and understands that the United States
> preserves all its rights and duties with respect to
> appeal as set forth in 18 U.S.C. section 3742(b), while
> **the defendant waives all rights to appeal or
> collaterally attack the sentence or conviction**.

[Id. at 5].

The Court accepted the Defendant's guilty plea pursuant to this Plea

Agreement on July 5, 2000.  On February 13, 2001, the Defendant was

sentenced to 170 months of imprisonment on Count One.  Counts Two and

---

[2]Unless otherwise noted, references to docket numbers are to pleadings filed in
Criminal Case No. 3:00cr68.

Three were dismissed.  The Judgment of the Court reflecting this sentence was entered on March 9, 2001.  [Doc. 21].

The Defendant appealed from this Judgment.  [Doc. 22].  On May 21, 2001, while his direct appeal was still pending, the Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 25].  The Court dismissed the Defendant's Motion to Vacate without prejudice as premature on May 31, 2001.  [Doc. 26].

By an Opinion entered November 16, 2001, the Fourth Circuit dismissed many of the issues raised by the Defendant on appeal on the grounds that the Defendant had executed a valid waiver of his right to appeal his conviction and sentence by accepting the plea agreement.  United States v. Logan, 23 Fed. Appx. 129, 130 (4th Cir. 2001).  With respect to the Defendant's claim of ineffective assistance of counsel, the Fourth Circuit found no clear ineffective assistance by trial counsel and therefore affirmed the Judgment with respect to this claim.  Id.  The Defendant filed another Motion to Vacate with this Court on January 11, 2002.  [Doc. 29].  Due to the pendency of the Defendant's request for rehearing in the Fourth Circuit, the Court again dismissed the Motion to Vacate as premature on January 31, 2002.  [Doc. 30].

The Defendant filed another Motion to Vacate, Set Aside, or Correct Sentence on June 28, 2002. [Civil Case No. 3:02cv274, Doc. 1]. On July 29, 2002, the Court entered an Order dismissing the Defendant's Motion to Vacate. [Doc. 32]. On September 26, 2002, the Defendant filed a Notice of Appeal with respect to the Court's July 29, 2002 Order. [Doc. 33]. The Fourth Circuit denied a certificate of appealability and dismissed this appeal on January 7, 2003, concluding that the Defendant had not made a substantial showing of the denial of a constitutional right. United States v. Logan, 53 Fed. Appx. 717, 718 (4th Cir. 2003).

On July 16, 2004, the Defendant filed a motion styled "Motion for Relief From Final Judgment," which sought relief pursuant to Federal Rule of Civil Procedure 60(b). [Doc. 37]. The Court construed this as a successive § 2255 motion and dismissed it on September 17, 2004. [Doc. 38]. The Defendant appealed, and the Fourth Circuit again denied a certificate of appealability and dismissed his appeal. Logan v. United States, 120 Fed. Appx. 978 (4th Cir. 2005). On January 18, 2006, the Fourth Circuit entered an Order, denying the Defendant's motion pursuant to 28 U.S.C. § 2244 for authorization to file a successive application for relief. [Doc. 42].

The Defendant then filed the instant two letters [Docs. 43, 44] and motion [Doc. 45], all of which seek a reduction of his sentence. For grounds, the Defendant contends that the Court erred in adding two levels to his offense level pursuant to U.S.S.G. § 2D1.1.[3]

The Defendant has not stated any basis for the relief that he seeks. As the Fourth Circuit has held, the Defendant waived the right to appeal his sentence by entering into the Plea Agreement. Logan, 23 Fed. Appx at 130. Moreover, it is evident from the record that the Defendant has fully exhausted his direct and collateral appeals, and the time for filing such appeals has long since passed. Accordingly, the Defendant's motions are not properly before this Court and must be dismissed.

Even if the Defendant's motions were properly before the Court, the Court would find these motions to be without merit. The Defendant contends that the two-level enhancement set forth in U.S.S.G. § 2D1.1 should not have been applied because the Government dismissed the § 924(c) charges against him. The fact that the Government dismissed these weapons charges

---

[3]While these motions have been pending, the Defendant, through court-appointed counsel, moved for a reduction of his sentence pursuant to 28 U.S.C. § 3582(c)(2) and the amendments to the Sentencing Guidelines relevant to crack cocaine convictions. [Doc. 47]. The Court denied this motion on January 13, 2009 [Doc. 54], and that ruling has been appealed. [Doc. 55].

does not preclude application of a two-level enhancement under § 2D1.1(b)(1):

> [A] plea agreement that includes the dismissal of a charge or a plea agreement not to pursue a potential charge shall not preclude the conduct underlying such charge from being considered under the provisions of § 1B1.3 (Relevant Conduct) in connection with the count(s) of which the defendant is convicted.

U.S.S.G. § 6B1.2(a) (1994). In the present case, the § 924(c) charges were dismissed as part of the Plea Agreement. The Defendant's Plea Agreement states, in pertinent part, as follows:

> 2. If the Court finds the defendant's plea to be voluntarily and knowingly made, and accepts the plea, then the United States will move at the appropriate time to dismiss Counts Two and Three in the Bill of Indictment. **The defendant agrees that the Court may consider any such dismissed count and all pertinent information as relevant conduct, *United States Sentencing Guidelines* § 1B1.3.** The Court also may consider any dismissed count as a "conviction for purposes of 28 U.S.C. §§ 1918 & 1920.

> *      *      *

> 4. In regard to the Sentencing Guidelines, **the defendant and the United States agree to recommend to the Court as follows**:

> *      *      *

      b.    **Pursuant to U.S.S.G. §2D1.1 the defendant will be assessed two points for possession of a firearm**.

[Doc. 17 at 1, 2] (emphasis added). "For purposes of sentencing, a court is obligated to consider conduct from dismissed counts of the indictment and from unindicted conduct." <u>United States v. Cave</u>, 293 F.3d 1077, 1080 (8th Cir. 2002). For these reasons, the Defendant's argument that the two-level enhancement set forth in U.S.S.G. § 2D1.1 should not have been applied to him is without merit.

## O R D E R

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduction of Sentence for Good Cause [Doc. 45] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's letters [Docs. 43, 44], construed as motions, are hereby **DENIED**.

By entry of this Order, the Defendant is hereby placed on notice that he should not communicate with the Court by letter. Accordingly, **IT IS FURTHER ORDERED** that no further letters from the Defendant shall be filed as a pleading absent instruction from the Court.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge

Signed: February 9, 2009